UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | 1:23-cr-070 |
| APIRL EVALYN SHORT | ) | |

## GOVERNMENT'S NOTICE OF EXPERT WITNESS TESTIMONY

Now comes the United States of America, by and through Jill E. Steinberg, United States Attorney for the Southern District of Georgia, and shows as follows:

Pursuant to Fed. R. Crim. P. 16(a)(1)(G), the Government provides notice to the defense of the following expert witnesses expected to testify pursuant to Fed. R. Evid. 702-705 at the trial of the above-referenced case:

Shannon G. Martucci, Child Forensic Interview Specialist, Department of Justice, Federal Bureau of Investigation, Atlanta, Georgia.

## EXPERT

1. <u>Shannon G. Martucci, Child Forensic Interview Specialist</u>

Shannon G. Martucci, based upon her training and experience, is qualified to opine as to relevant issues with respect to this case. Based upon said training and experience, and having conducted forensic interviews of child witnesses in this case (full video recordings of which have previously been provided to the defendant in discovery), Mrs. Martucci is able to provide the opinion that the presentation of the children she interviewed was consistent with their ages and the traumatic and

1

violent events which they were asked to recount.  Further, she will opine that it is not unusual for children, when asked about wrongdoing concerning a parent or other family member to be reluctant to fully disclose information about such wrongdoing. The government hereby gives notice of its intention to call Mrs. Martucci at trial to render these opinions.

    A. <u>Forensic Interviews</u>

Mrs. Martucci conducted separate video recorded interviews of two child witnesses in this case, ages 6 and 11 respectively. The interviews each lasted approximately 45 minutes and were conducted in accordance with professionally recognized standards concerning child forensic interviews.  These interviews, as well as reports concerning them, have been provided to the defendant in discovery. During the interviews each of the children disclosed that they had witnessed events relevant to this case.

    B. <u>Qualifications</u>

A copy of the CV for Shannon G. Martucci, including publications authored in the last 10 years, if any, and a list of cases in which the witness has provided expert testimony within the last 4 years has been provided to defense counsel prior to the filing of this notice.

**Memorandum of Law and Citations to Authority**

The Federal Rules of Evidence provide for the admission of expert testimony when "scientific, technical, or other specialized knowledge will assist the trier of fact." Fed. R. Evid. 702.  Pursuant to Rule 702, a witness, "qualified as an expert by

knowledge, skill, experience, training, or education may testify . . . in the form of an opinion or otherwise." *Id.*

Expert testimony is admissible if it is both relevant and reliable, *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993)[1], and where it is "the kind that enlightens and informs lay persons without expertise in a specialized field." *United States v. Burchfield*, 719 F.2d 356, 357-58 (11th Cir. 1983). To ensure these elements are present, the trial judge serves as a "gatekeeper." *United States v. Majors*, 196 F.3d 1206, 1215 (11th Cir. 1999) (citing *Daubert*, 509 U.S. at 2796-97). "'[F]ederal district courts . . . perform [this] important gatekeeping function by screening the reliability of all expert testimony, but they have substantial discretion in deciding how to test an expert's reliability and whether the expert's relevant testimony is reliable.'" *Majors*, 196 F.3d at 1215 (quoting *Forklifts of St. Louis, Inc. v. Komatsu Forklift, USA, Inc.,* 178 F.3d 1030, 1034 (8th Cir.1999); citing *Kumho Tire*, 526 U.S. at 1174-76).[2]

## Conclusion

WHEREFORE, the government requests that the Court permit the above-listed witnesses to testify pursuant to Fed.R.Evid. 702, subject to the government

---

[1] In *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137 (1999), the Supreme Court confirmed that *Daubert's* gatekeeping obligation extends to beyond scientific experts to all of the expert matters described in Rule 702. *Kumho Tire*, 526 U.S. 149; *United States v. Paul*, 175 F.3d 906, 910 (11th Cir. 1999) (holding that the trial judge is required to inquire into the areas of relevance and reliability whether the expert testimony is "scientific" or otherwise)).

[2] A district court's decision to admit or exclude expert testimony under Rule 702 is reviewed for abuse of discretion. *General Elec. Co. v. Joiner*, 522 U.S. 136 (1997); *United States v. Gilliard*, 133 F.3d 809, 812 (11th Cir.1998).

3

laying the proper evidentiary foundations at trial.


I, Shannon G. Martucci, have reviewed this notice and approve of its content.


*/s/ Shannon G. Martucci*
Shannon G. Martucci
Child Forensic Interview Specialist
Federal Bureau of Investigation



Respectfully submitted,

JILL E. STEINBERG
UNITED STATES ATTORNEY

*/s/ Henry W. Syms, Jr.*
Henry W. Syms, Jr.
Assistant United States Attorney
Georgia Bar No. 695009