IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CASE NO.: 1:23-cr-70 |
| | ) | |
| APRIL EVALYN SHORT | ) | |

### GOVERNMENT'S FIRST FED.R.CRIM.P. RULE 16 EXPERT NOTICE: BLOODSTAIN PATTERN ANALYSIS AND CRIME SCENE PROCESSING

NOW COMES the United States of America, by and through Jill E. Steinberg, United States Attorney for the Southern District of Georgia, and provides this notice of its intent to call the following person to testify in the above-captioned matter pursuant to Fed.R.Evid. 702-705 about matters pertaining to bloodstain pattern analysis and crime scene processing:

Joshua N. Whiting, Special Agent Army CID.

### PROCEDURAL HISTORY

On December 5, 2023, a grand jury sitting in the Southern District of Georgia returned a two-count indictment against defendant April Evalyn Short. (Doc. 1.) The defendant was charged therein with the offenses of Premeditated Murder, in violation of 18 U.S.C. § 1111, and Felony Murder, in violation of 18 U.S.C. § 1111. *Id*. The potential penalties for the charged offenses range from to death or imprisonment for not less than life (18 U.S.C. § 1111, 1114). (Doc. 2.)

On May 6, 2024, the Defendant appeared before this Court and entered a plea of Not Guilty to the charges. (Doc. 23.) The Court granted the government and the defense 90 days to file pretrial motions. (Doc. 24.) The Court also inquired of defense

1

counsel about the potential appointment of additional counsel given the nature of the case. While the offenses alleged in the instant indictment are ones for which the punishment of death is authorized, the U.S. Attorney General has not yet rendered a decision to seek such punishment. The Attorney General will make that decision after receiving the Government's formal recommendation memorandum, in which the Government will ideally include any evidence in mitigation provided by the Defendant.

## I. EXPERT

SSA Joshua Whiting is a Special Agent with the Army Criminal Investigative Division, Fort Eisenhower, Georgia. Whiting will be called by the Government as an expert witness in bloodstain pattern analysis and crime scene processing. His background, training and professional experience are described in his curriculum vitae, which has been provided to defense counsel.

To reach his conclusions, SSA Whiting relied upon the experience detailed in his CV; his observations while inside 803 Apple Court, Apt. A, Ft. Eisenhower, GA 30905; photographs; law enforcement reports; medical reports; and forensic reports.

The government expects SSA Whiting will testify at trial about the bloodstain patterns present, *and not present* at crime scene and render his opinion as to what the bloodstain patterns, or lack thereof, reveal about the crime.

SSA Whiting has not authored any publications in the last 10 years, nor has he testified as an expert in bloodstain patterns or crime scene processing.

## II. BASICS OF BLOODSTAIN PATTERNS

### A. Dynamics of Blood

Blood as a fluid responds to force in a predictable manner. This predictability

provides the analyst with an understanding of: how the stain came into being, where generally the stain may have originated from and in some instances how long the stain has been exposed. The manner in which forces act on blood masses lead to recognizable classes of patterns. Analysts relying on defined physical criteria are able to recognize distinct pattern types. These distinct pattern types allow the analyst to understand the general mechanism of creation for a stain, which when considered with the unique scene may allow an understanding of specifically how a pattern was created (or in this case NOT created) in that unique scene. When blood is impacted, droplets are dispersed through the air. When these droplets strike a surface, the mechanism of their collapse leads to a specific shape that provides indicators as to the spatial origin of the droplet. Generally, the stain shape will vary from circular to elliptical, there is an empirical relationship between the ratio of the stains axes and the impact angle. The stains collapse also produce tails or spines that in conjunction with the long axis of the stain defines its direction of travel at collapse.

Once exposed, blood will react to environmental conditions (airflow, temperature, humidity, and surface differences) which may provide indicators as to the minimum period since exposure or secondary disruption.

### B. What is Bloodstain Pattern Analysis?

Bloodstain pattern analysis is an evaluation of bloodstain patterns found, and not found, in a known or suspected crime scene. It seeks to define the facts surrounding an incident in question through the examination of the physical characteristics of bloodstains, such as dispersion, shape characteristics/morphology, volume, and pattern. Principles of concern for a bloodstain pattern examiner are the pattern diversity principle, the correlations of shape and vector, and the principles of physiologically altered bloodstains. ("PAB") The pattern diversity principle states that the variations in combinations of blood volumes and forces acting on those volumes lead to recognizable classes of patterns. The principle of stain shape and vector states that the shape of certain bloodstains provides indicators as to the direction of deposition as well as the spatial origin of the blood. Subprinciples of stain shape and vector correlation are impact and directional angle. The PAB principle states that exposed blood will react to environmental conditions such as air flow, temperature, humidity, and variations of surface, in a predictable manner. All three principles are considered alone and in combination. They help corroborate or refute specific beliefs, claims, or theories regarding the incident under investigation.

The product of the analysis are defined events that occurred during the incident; that is, the bloodstain pattern defines the nature of the action that created it. Depending upon the pattern, some stains may define very specific information regarding the source event. For any number of reasons, other patterns may provide

limited information regarding the nature of the source event. Bloodstain pattern examination can reveal information about the direction and angle a given drop/stain was moving at contact; the point of convergence or origin for a group of stains; an approximate number of blows delivered; the nature of the force that caused the stain(s); the relative positions of people and objects at distinct moments in the crime; and a sequence of a given series of events.

One of the most important functions of bloodstain pattern analysis is to support or corroborate witness statements and laboratory and post-mortem findings. For example, if the medical examiner determines the cause of death is blunt force trauma to the victim's head, the pattern and volume of blood spatter should be consistent with a blunt instrument striking the victim one or more times on the head.

**C. Methodology of Bloodstain Pattern Analysis**

Bloodstain analysts use established scientific methods to examine bloodstain evidence at a crime scene including information gathering, observation, documentation, analysis, evaluation, conclusion and technical review.

SSA Whiting was present at the scene of E.S.'s and took photographs to document the scene, including any bloodstains of potential significance. He also photographed items of evidence such as clothing, knives, and the general condition of the house. SSA also discussed with other agents the statement of April Short who described the crime in detail and stated that she "used [a] knife and put them through [E.S.'s] neck."

**D. Bloodstains (Spatter, Cast Off, Transfer Stains, Swipe, and Pool)**

Spatter stains are stains resulting from blood that has been put in free flight. The main body of the stain has a circular or elliptical shape. Linear spatter consists of arterial spurt, cast off, and drip trail stains. As the name suggests, these are a series of related spatter stains dispersed over a surface in a linear orientation. An arterial spurting pattern is created by blood exiting the body under pressure from a breached artery.

A cast-off pattern is created when blood is released or thrown from a blood bearing object in motion, such as when a knife containing enough blood is swung in the air.



Cast off

Unlike spatter patterns, a transfer pattern is a pattern that forms when a wet, bloody surface comes in contact with a second surface. A recognizable image of all or port of the object that caused the pattern can sometimes be observed in the pattern. For example, a bloodied shoe sole:



Transfer stain

A swipe pattern is the result of a transfer of blood from a moving source onto an unstained surface.

Swipe stain



A pool pattern passively forms when blood has flowed in one place for some time, such as when a bleeding victim stayed in one spot for a significant period of time.



Pool stain

### III. SSA WHITING'S SPECIFIC FINDINGS, CONCLUSIONS AND OPINIONS

SSA Whiting's report, dated November 15, 2023, which has been disclosed to defense counsel in discovery, and *this notice* contain his findings, conclusions and opinions that the Government expects to offer at trial.

SSA Whiting will testify that on November 15, 2023, he arrived at 803 Apple Ct., Apt A, Ft Gordon GA in response to a death scene investigation. Whiting cleared the residence in order to process the scene. He made sketches of the layout of the apartment and the master bedroom and bathroom, where the death occurred. He noted the weather and conditions each room in the dwelling. He photographed and made an audio-visual recording of the scene. He collected numerous items of evidence. He attempted to lift fingerprints by the use of Superglue fuming – without success. He used alternate light source (ALS) in searching for blood on clothing with negative results. SSA Whiting's report of November 15, 2023 sets forth all of the above.

SSA Whiting also conducted a blood stain pattern analysis (BPA) in the dwelling and search for blood in the vehicle, in which April Short was located immediately after

8

the crime. The vehicle was negative for blood. Whiting will testify that he located seven distinct blood stains (several of which had satellite stains (which associate with the parent stain)). These stains and their locations are identified in Whiting's report. Several of the stains were classified as transfer stains and at least one was a pooling stain. The stains which were not classified were documented by photo, measurements and descriptions. While there was blood spatter in the bathroom, there was lack of cast-off stains.

Whiting will opine the lack of cast-off stains suggests to him that a lack of violent force was used to inflict the wounds. That is to say Whiting would opine that the knife likely was not raised back and thrust into the neck multiple times.

## IV. CONCLUSION

The Federal Rules of Evidence provide for the admission of expert testimony when "scientific, technical, or other specialized knowledge will assist the trier of fact." Fed. R. Evid. 702. Pursuant to Rule 702, a witness, "qualified as an expert by knowledge, skill, experience, training, or education may testify . . . in the form of an opinion or otherwise." *Id.*

Expert testimony is admissible if it is both relevant and reliable, *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993)[1], and where it is "the kind

---

[1] In *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137 (1999), the Supreme Court confirmed that *Daubert's* gatekeeping obligation extends to beyond scientific experts to all of the expert matters described in Rule 702. *Kumho Tire*, 526 U.S. 149; *United States v. Paul*, 175 F.3d 906, 910 (11th Cir. 1999) (holding that the trial judge is required to inquire into the areas of relevance and reliability whether the expert testimony is "scientific" or otherwise)).

9

that enlightens and informs lay persons without expertise in a specialized field." *United States v. Burchfield*, 719 F.2d 356, 357-58 (11th Cir. 1983). To ensure these elements are present, the trial judge serves as a "gatekeeper." *United States v. Majors*, 196 F.3d 1206, 1215 (11th Cir. 1999) (citing *Daubert*, 509 U.S. at 2796-97). "'[F]ederal district courts . . . perform [this] important gatekeeping function by screening the reliability of all expert testimony, but they have substantial discretion in deciding how to test an expert's reliability and whether the expert's relevant testimony is reliable.'" *Majors*, 196 F.3d at 1215 (quoting *Forklifts of St. Louis, Inc. v. Komatsu Forklift, USA, Inc.,* 178 F.3d 1030, 1034 (8th Cir.1999); citing *Kumho Tire*, 526 U.S. at 1174-76).[2]

WHEREFORE, the government requests that the Court permit SSA Whiting to testify to the foregoing information as an expert in the field of bloodstain pattern analysis and crime scene processing, subject to the government laying the proper evidentiary foundation at trial.

---

[2] A district court's decision to admit or exclude expert testimony under Rule 702 is reviewed for abuse of discretion. *General Elec. Co. v. Joiner*, 522 U.S. 136 (1997); *United States v. Gilliard*, 133 F.3d 809, 812 (11th Cir.1998).

10

I, Joshua Whiting, Special Agent, Army CID, have reviewed this notice and approve of its content.

       ***/s/ Joshua Whiting***
       Joshua Whiting
       Special Agent
       Army, Criminal Investigative Division

Respectfully submitted this 5th day of July, 2024.

       JILL E. STEINBERG
       UNITED STATES ATTORNEY

       ***s/ Patricia Green Rhodes***
       Patricia Green Rhodes
       Assistant United States Attorney
       Georgia Bar No. 307288
       P.O. Box 2017
       Augusta, GA 30903
       (706) 826-4534

**CERTIFICATE OF SERVICE**

I hereby certify that I have this day served the foregoing on all the parties in this case in accordance with the notice of electronic filing ("NEF") which was generated as a result of electronic filing in this Court.

This 5th day of July 2024.

                                                JILL E STEINBERG
                                                UNITED STATES ATTORNEY

                                                ***/s/ Patricia Green Rhodes***
                                                Patricia Green Rhodes
                                                Assistant United States Attorney
                                                Georgia Bar No. 307288
                                                P.O. Box 2017
                                                Augusta, Georgia 30903
                                                706-826-4534
                                                patricia.rhodes@usdoj.gov